```
_✓_ FILED      ___ LODGED
___ RECEIVED   ___ COPY

JAN 2 0 2023

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

GARY M. RESTAINO
United States Attorney
District of Arizona
Yuma, Arizona
Telephone: 928-314-6410
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

v.

Manuel De Jesus Santana Ralda-Lopez

    Defendant.

Case No. 2:23-01085M-001

**PLEA AGREEMENT**

(Fast Track § 5K3.1)

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the complaint, Alien Eluding Examination and Inspection by Immigration Officers of the United States, a misdemeanor offense, in violation of Title 8, United States Code, Section 1325(A)(1).

2. The government will dismiss Count 1 of the complaint, Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a). This charge if proven, carries a maximum sentence of two (2) years imprisonment, a fine of $250,000, one (1) year supervised release, and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The maximum penalties for the offense to which I am pleading are six (6) months in custody, and a $5,000 fine. The government agrees to waive the $10 special assessment.

4. Pursuant to this plea agreement and Rule 11(c)(1)(C) Fed. R. Crim. P., the government and the defendant stipulate and agree to a sentence of ___30___ days imprisonment.

5. The parties waive a Pre-Sentence Report and agree that sentencing will occur on the date of change of plea. The defendant understands and agrees this plea agreement

contains all the terms, conditions and stipulations regarding sentencing. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the District court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

7. If the defendant entered the United States at a place outside the jurisdiction of this court, the defendant agrees to waive his right to raise a challenge based on improper venue under 8 U.S.C. §1329 in order to permit the court to accept his guilty plea and sentence the defendant in accordance with this plea agreement.

8. Provided the defendant receives a sentence in accordance with this agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint or to the Court's entry of judgement against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated sentence of imprisonment. Pursuant to this plea, the defendant further waives: any right to appeal the Court's entry of judgment against the defendant; any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and any right to file a motion for modification of sentence, including under 18 U.S.C. §3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or

collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of 'prosecutorial misconduct' (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9. The defendant agrees that this written plea agreement contains all the terms and conditions of his/her guilty plea

10. The elements of Improper Entry by an Alien are as follows:

   1. The Defendant is not a citizen of the United States,
   2. The Defendant entered or attempted to enter the United States,
   3. At any time or place other than as designated by immigration officers.

**Factual Basis for Plea:**

I am not a citizen of the United States. On or about the date alleged in the complaint, I knowingly entered the United States of America at a time or place other than as designated by Immigration Officers of the United States.

Dated this 20th day of January, 2023

_____      _____ (for Client)
Defense Counsel      Defendant

_____
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

1-2023
Date      United States Magistrate Judge

- 3 -